IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAY O'NEAL, | No. C 08-4669 SBA (PR) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| COUNTY OF SAN FRANCISCO, et al., | |
| Defendants. | |

## BACKGROUND

Plaintiff Billy Ray O'Neal filed the instant pro se civil rights complaint under 42 U.S.C. § 1983 alleging constitutional rights violations while incarcerated at San Francisco County Jail. He has been granted leave to proceed in forma pauperis.

The Court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A. Venue is proper in this district as the acts complained of occurred in San Francisco County, which is located in this district. 28 U.S.C. § 1391(b).

## BACKGROUND

Plaintiff alleges that on April 21, 2007, he was arrested on a "parolee at large warrant" after he was "stopped for [possessing] an open container of beer." (Compl. at 3.) At the San Francisco County Jail, he was strip searched by Defendant Deputy R. Reymundo.[1] Plaintiff claims Defendant Reymundo started to conduct a "body cavity [search]" on him. (Id.) Plaintiff said, "I don't have anything hidden." (Id.) He claims that Defendant Reymundo "took issue out of it" and "called for backup." (Id.) Plaintiff alleges that Defendant Reymundo "attacked and slammed [him] to the

---

[1] The Court notes that Plaintiff also refers to Defendant Reymundo as "J. Reymundo" in his complaint. (Compl. at 3.)

ground" and "sat on [his] back and punched [him] in the back of [his] head." (Id.)  Plaintiff further alleges that at the same time, Defendant Deputy Camarra[2] was "hitting [him] on the side of [his] head repeatedly." (Id.)  Finally, Plaintiff claims that "5 more deputys [sic] came kicking and [tied] [his] feet and arms (hog tie) . . . dragging [him] . . . to a safety cell where [he] was further tortured and axphisiated [sic] (air squeezzed [sic] out of [his] lungs) [and that they] ripp[ed] [his] shoulders by lifting [his] cuffed hands backwards." (Id.)  He also names Defendant Lieutenant Gorwood, the San Francisco County Jail, and the County of San Francisco as Defendants in this action.

Plaintiff seeks monetary damages.

## DISCUSSION

### I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  Dismissal for failure to state a claim is warranted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1973 (2007).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

---

[2] The Court notes that in his complaint, Plaintiff uses different ways of spelling Defendant Camarra's name, including "Cammerra" and "Cammera." (Compl. at 3.)

2

## II. Legal Claims

### A. Excessive Force Claim

According to the allegations in the complaint, Plaintiff alleges that Defendants Reymundo and Camarra used excessive force against him when he was being strip searched on April 21, 2007. The Court notes that because Plaintiff was a post-arrest, pre-arraignment detainee at the time of the incident, Defendants Reymundo's and Camarra's alleged use of force is governed by the Fourth Amendment.  See Pierce v. Multnomah County, Or., 76 F.3d 1032, 1043 (9th Cir. 1996).

The Fourth Amendment reasonableness standard applies to allegations of use of excessive force against an arrestee while detained in custody post-arrest but pre-arraignment.  See Pierce, 76 F.3d at 1043; cf. Graham v. Connor, 490 U.S. 386, 395 n.10. (1989) (post-arraignment pretrial detainee protected from use of excessive force by Due Process Clause of Fourteenth Amendment).

Determining whether the force used is reasonable requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.  Graham, 490 U.S. at 396.  Because the reasonableness test is not capable of precise definition or mechanical application, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.  Graham, 490 U.S. at 396.  These factors are not exclusive, however, and the totality of the particular circumstances of each case must be considered.  See Fikes v. Cleghorn, 47 F.3d 1011, 1014 (9th Cir. 1995) (jury instruction complies with Graham by focusing on totality of circumstances); see also Brewer v. City of Napa, 210 F.3d 1093, 1097 (9th Cir. 2000) (jury need not be instructed to specifically consider "alternative courses of action" available to defendant police officers).

Liberally construed, Plaintiff's allegations state a cognizable excessive force claim against Defendants Reymundo and Camarra.

### B. Supervisory Liability Claim

Plaintiff sues Defendant Lieutenant Gorwood in his supervisory capacity. Plaintiff does not allege facts demonstrating that Defendant Gorwood violated his federal rights, but seems to claim Defendant Gorwood is liable based on the conduct of his subordinates, Defendants Reymundo and Camarra. There is, however, no respondeat superior liability under § 1983 solely because a defendant is responsible for the actions or omissions of another. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id. A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

Plaintiff's claim against Defendant Gorwood is therefore DISMISSED WITH LEAVE TO AMEND. He may file an amendment to the complaint that alleges supervisory liability under the standards explained above.

### C.    Municipal Liability Claim

Finally, Plaintiff has not alleged grounds for municipal liability against the San Francisco County Jail and the County of San Francisco based on any theory other than that of respondeat superior. This is not a sufficient ground for municipal liability. See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978) (local governments cannot be liable under § 1983 under respondeat superior theory). Accordingly, Plaintiff's claim against these municipal Defendants is DISMISSED WITH LEAVE TO AMEND. If Plaintiff can in good faith assert facts which state constitutionally cognizable claims for relief against these municipal Defendants he may include them in his amendment to the complaint.

### D.    Claim Against Doe Defendants

Plaintiff names the "5 more deputys [sic]" from the Sheriff's Department of San Francisco County as Defendants. He contends that these five deputies were also involved in the alleged use of excessive force on April 21, 2007. These deputies are Doe Defendants whose names he apparently intends to learn through discovery. The use of Doe Defendants is not favored in the Ninth Circuit.

4

See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  However, where the identity of alleged defendants cannot be known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify them.  Id.  Failure to afford the plaintiff such an opportunity is error.  See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).  Accordingly, Plaintiff's claims against the Doe Defendants are DISMISSED.  Should Plaintiff learn the identities of these five deputies who used excessive force against him, he may move for leave to amend to add them as named defendants.  See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

## CONCLUSION

1.  The Court finds that Plaintiff's complaint states a cognizable excessive force claim against Defendants Reymundo and Camarra stemming from the April 21, 2007 incident.

2.  Plaintiff's supervisory liability claim against Defendant Gorwood is DISMISSED WITH LEAVE TO AMEND as indicated above.

3.  Plaintiff's municipal liability claim against the San Francisco County Jail and the County of San Francisco is DISMISSED WITH LEAVE TO AMEND as indicated above.

4.  Plaintiff's claims against the Doe Defendants are DISMISSED.  Should Plaintiff learn the identities of five deputies from the Sheriff's Department of San Francisco County who used excessive force against him, he may move for leave to amend to add them as named defendants.  See Brass, 328 F.3d at 1195-98.

5.  Within **thirty (30) days** of the date of this Order Plaintiff may file amended supervisory and municipal liability claims against Defendant Lieutenant Gorwood, the San Francisco County Jail and the County of San Francisco as set forth above in Sections II(B) and (C) of this Order.  (Plaintiff shall resubmit only those claims and not the entire complaint.)  The failure to do so will result in the dismissal without prejudice of the supervisory liability claim against Defendant Gorwood and the municipal liability claim against the San Francisco County Jail and the County of San Francisco.

6.  The Clerk of the Court shall issue summons and the United States Marshal shall

serve, without prepayment of fees, a copy of the complaint in this matter (docket no. 1), and a copy of this Order upon the following Defendants: **Deputies R. Reymundo and Camarra[3] at the Sheriff's Department of San Francisco County.** The Clerk shall also mail copies of these documents to the San Francisco County Counsel's Office. Additionally, the Clerk shall serve a copy of this Order on Plaintiff.

    7.    In order to expedite the resolution of this case, the Court orders as follows:

    a.    Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. In addition, no later than **thirty (30) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date their summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    b.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **forty-five (45) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations

---

[3] As mentioned above, Plaintiff also refers to Defendant Reymundo as "J. Reymundo" and Defendant Camarra as "Cammerra" and "Cammera." (Compl. at 3.) The Court will serve these Defendants using the names that are listed in the caption of the complaint. (Id. at 1.) However, the Clerk of the Court is directed to alert the United States Marshal about the fact that Plaintiff seems to be uncertain about the first initial of Defendant Reymundo's name and about the spelling of Defendant Camarra's name.

> (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff is advised that if he fails to submit declarations contesting the version of the facts contained in Defendants' declarations, Defendants' version may be taken as true and the case may be decided in Defendants' favor without a trial. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

       c.     If Defendants wish to file a reply brief, they shall do so no later than **fifteen (15) days** after the date Plaintiff's opposition is filed.

       d.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

      8.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. Leave of Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

      9.     All communications by Plaintiff with the Court must be served on Defendants, or their counsel once counsel has been designated, by mailing a true copy of the document to

7

1 Defendants or their counsel.

2     10.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    11.    Extensions of time are not favored, though reasonable extensions will be granted. However, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

    IT IS SO ORDERED.

DATED: 4/29/09

                                            SAUNDRA BROWN ARMSTRONG
                                            United States District Judge

United States District Court
For the Northern District of California

P:\PRO-SE\SBA\CR.08\Oneal4669.service.frm        8

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAY O'NEAL, | Case Number: CV08-04669 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| COUNTY OF SAN FRANCISCO et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 30, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Billy Ray O'Neal 2400843-H1
San Francisco County Jail #2
850 Bryant Street
San Francisco, CA 94103

Dated: April 30, 2009

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk