IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAY O'NEAL,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | No. C 08-4669 SBA (PR)<br><br>**ORDER GRANTING DEFENDANTS REYMUNDO'S AND CAMARRA'S MOTION TO DISMISS; VACATING A PORTION OF THE COURT'S APRIL 29, 2009 ORDER; AND DISMISSING CLAIMS AGAINST REMAINING DEFENDANTS**<br><br>(Docket no. 30) |

## INTRODUCTION

On October 9, 2008, Plaintiff Billy Ray O'Neal filed this pro se civil rights action under 42 U.S.C. § 1983, alleging constitutional rights violations while he was incarcerated at the San Francisco County Jail (SFCJ) in 2007. The following factual background is taken from the Court's April 29, 2009 Order of Service:

> Plaintiff alleges that on April 21, 2007, he was arrested on a "parolee at large warrant" after he was "stopped for [possessing] an open container of beer." (Compl. at 3.) At the San Francisco County Jail, he was strip searched by Defendant Deputy R. Reymundo. Plaintiff claims Defendant Reymundo started to conduct a "body cavity [search]" on him. (Id.) Plaintiff said, "I don't have anything hidden." (Id.) He claims that Defendant Reymundo "took issue out of it" and "called for backup." (Id.) Plaintiff alleges that Defendant Reymundo "attacked and slammed [him] to the ground" and "sat on [his] back and punched [him] in the back of [his] head." (Id.) Plaintiff further alleges that at the same time, Defendant Deputy Camarra was "hitting [him] on the side of [his] head repeatedly." (Id.) Finally, Plaintiff claims that "5 more deputys [sic] came kicking and [tied] [his] feet and arms (hog tie) . . . dragging [him] . . . to a safety cell where [he] was further tortured and axphisiated [sic] (air squeezzed [sic] out of [his] lungs) [and that they] ripp[ed] [his] shoulders by lifting [his] cuffed hands backwards." (Id.) He also names Defendant Lieutenant Gorwood, the San Francisco County Jail, and the County of San Francisco as Defendants in this action.
>
> Plaintiff seeks monetary damages.

(Apr. 29, 2009 Order at 1-2 (footnotes omitted).) In its April 29, 2009 Order, the Court found cognizable Plaintiff's excessive force claim against Defendants Reymundo and Camarra stemming from the April 21, 2007 incident. The Court dismissed with leave to amend Plaintiff's supervisory liability claim against Defendant Gorwood. The Court also found that Plaintiff had not alleged

1  grounds for municipal liability against the SFCJ and the County of San Francisco based on any
2  theory other than that of respondeat superior.  Plaintiff was directed to file amended supervisory and
3  municipal liability claims against Defendant Gorwood, the SFCJ and the County of San Francisco
4  within thirty days of the April 29, 2009 Order.  Plaintiff was informed that the failure to do so would
5  result in the dismissal without prejudice of the supervisory liability claim against Defendant
6  Gorwood and the municipal liability claim against the SFCJ and the County of San Francisco.

      On May 5, 2009, a copy of the Court's April 29, 2009 Order, which was mailed by the Clerk of the Court to Plaintiff at his address on file at the time, was returned with a notation that it was undeliverable because he was "not at this address."

      On June 4, 2009, Defendants Reymundo and Camarra moved to dismiss Plaintiff's claims for failure to exhaust administrative remedies.

      In an Order dated July 7, 2009, the Court noted that Plaintiff had not updated his address with the Court or submitted any further pleadings in this case.  Therefore, the Court dismissed the complaint without prejudice pursuant to Rule 3-11 of the Northern District Local Rules[1] and terminated the pending motion to dismiss.  The Clerk closed the file in the instant action.

      On July 23, 2009, Plaintiff filed a notice of appeal as to the Court's July 7, 2009 Order of Dismissal.

      On November 9, 2009, Plaintiff filed a complaint with identical claims stemming from the April 21, 2007 incident before the Honorable Lucy H. Koh.  See Case No. C 09-5315 LHK (PR).  In an Order dated August 11, 2010, Judge Koh directed Plaintiff to show cause why that action should not be dismissed without prejudice for failure to exhaust administrative remedies.  On August 24, 2010, Plaintiff filed a response to the order to show cause.  In an Order dated September 3, 2010, Judge Koh noted that, in his original complaint, Plaintiff "conceded that he did not present his claims for review through the SFCJ's grievance procedure." (Sept. 3, 2010 Order in Case No. C 09-

---

[1] Pursuant to Northern District Local Rule 3-11 a party proceeding pro se whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. See L.R. 3-11(a).  The court may, without prejudice, dismiss a complaint when: (1) mail directed to the pro se party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the pro se party indicating a current address.  See L.R. 3-11(b).

1  5315 LHK (PR) at 2.)  Judge Koh also noted that, in his August 24, 2010 response to the order to
2  show cause, Plaintiff stated that he "filed a 'Citizens Complaint' and civil rights complaint in 2007"
3  and that he stated "he believed these filings were sufficient to exhaust his administrative remedies."
4  (Id.)  Judge Koh determined that Plaintiff he had "not satisfied the exhaustion requirement under
5  McKinney.[2]"  (Id.)  Judge Koh further stated: "Plaintiff's complaint indicates that he had not
6  exhausted his claims prior to filing this action, and his response to the order to show cause does not
7  excuse his failure to exhaust.  Thus, the complaint will be dismissed without prejudice."  (Id.)
8  Therefore, Plaintiff's complaint in Case No. C 09-5315 LHK (PR) was "dismissed without prejudice
9  to filing a new complaint in a new case containing claims that have been exhausted through
10 California's prison administrative process." (Id.)  The Clerk entered judgment on September 3, 2010
11 and closed that file.  Plaintiff did not file a notice of appeal in that action.  To date, Plaintiff has not
12 filed a new case containing exhausted claims, as directed by Judge Koh in the September 3, 2010
13 Order of Dismissal.
14        On June 8, 2011, the Ninth Circuit reversed and remanded this Court's decision to dismiss
15 the instant action pursuant to Rule 3-11.
16        On June 30, 2011, the mandate was issued.  Therefore, the instant action was reopened.
17        On July 18, 2011, Defendants Reymundo and Camarra (hereinafter, "Defendants") once
18 again moved to dismiss Plaintiff's claims for failure to exhaust administrative remedies.  Deputy
19 Luigi Cauteruccio submitted a declaration in support of Defendants' motion to dismiss.  Specifically,
20 Defendants submitted evidence showing that Plaintiff failed to follow the SFCJ's procedural rules
21 because "there is no record of Plaintiff ever submitted a grievance relating to any alleged April 21,
22 2007 incident." (Cauteruccio Decl. ¶¶ 7.)  Defendants further state the following:

> Written Department Policy and Procedures provides that inmates should submit a grievance relating to anything "directly affecting the prisoner's condition of confinement," see Exhibit A to Cauteruccio Decl. at ¶ I.B & I.F, and grievances against Deputies or other staff members are sent directly to the Facility Commander for response.  See id. at ¶ I.F.2.

26 (Mot. to Dismiss at 4.)  Because Plaintiff did not exhaust his administrative remedies before filing

---

[2] McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (an action must be dismissed unless the prisoner exhausted his available administrative remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending).

3

this action, Defendants argue that his claims should be dismissed as unexhausted under the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA).

On August 4, 2011, Plaintiff filed an opposition in response to Defendants' motion to dismiss. In his opposition, Plaintiff concedes that he "didn't exhaust administrative remedies because [he] was scared for [his] life, and to be honest, [he] wasn't aware of that at the time." (Opp'n at 1-2.) Plaintiff adds that he filed a citizen's complaint relating to his claims. (Id. at 4.)

Thereafter, Defendants filed a reply, in which they noted that Plaintiff "admit[ted] that he failed to exhaust his administrative remedies." (Reply at 1.) Therefore, Defendants argue that dismissal is still warranted.

For the reasons discussed below, the Court GRANTS Defendants Reymundo's and Camarra's motion to dismiss; VACATES the portion of its April 29, 2009 Order of Service relating to the remaining Defendants; and DISMISSES the claims against those Defendants. The dismissal is without prejudice to refiling his claims in a new action once he has exhausted his administrative remedies.

## **DISCUSSION**

### **I. Defendants Reymundo's and Camarra's Motion to Dismiss**

The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is therefore mandatory, and no longer left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 85 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). The Ninth Circuit has interpreted 1997e(a) to mean that an action must be dismissed unless the prisoner exhausted his available administrative remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending. McKinney, 311 F.3d at 1199.

Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." Porter v. Nussle, 534 U.S. 516, 524 (2002); Booth, 532 U.S. at 739-40 & n.5. Even when the prisoner seeks relief not available in

grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id. at 741. A prisoner "seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money." Id. at 739.[3]

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford, 548 U.S. at 90-91. Thus, compliance with the jail grievance procedures is required by the PLRA to properly exhaust. Id. The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Id. at 84. Although a plaintiff is not required to allege that he resorted to extraordinary measures in order to exhaust his administrative remedies, conclusory allegations that the administrative remedies process is inadequate are insufficient to defeat dismissal for failure to exhaust. See White v. McGinnis, 131 F.3d 593, 595 (6th Cir. 1997).

It is the jail's requirements, and not the PLRA, that define the boundaries of proper exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007). Section 1073 of Title 15 of the California Code of Regulations provides county jail inmates with a right to "appeal and have resolved grievances" alleging misconduct by jail staff. Cal. Code Regs. tit. 15, § 1073. As mentioned above, the San Francisco Sheriff's Department has established grievance procedures for inmates at the SFCJ pursuant to Section 1073. (Cauteruccio Decl. ¶¶ 3-6, Ex. A at 1-8.) In order to exhaust available administrative remedies within this system, an inmate must proceed through several levels of appeal: (1) informal resolution; (2) formal written appeal to the Housing Deputy on a grievance form; (3) appeal to the Watch Commander; (4) appeal to the Facility Commander; and (5) appeal to the Custody Division Commander of the facility where the inmate is housed. (Id. at 2-4.) A final decision from the Custody Division Commander's level of review satisfies the exhaustion requirement under § 1997e(a). (Id. at 4.)

Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by

---

[3] That the administrative procedure cannot result in the particular form of relief requested by the prisoner does not excuse exhaustion because some sort of relief or responsive action may result from the grievance. See Booth, 532 U.S. at 737; see also Porter, 534 U.S. at 525 (purposes of exhaustion requirement include allowing prison to take responsive action, filtering out frivolous cases, and creating administrative records).

5

1  defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b).
2  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). However, a complaint may be dismissed by
3  the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to
4  exhaustion applies." Id. at 1120.

5        Here, Plaintiff concedes that he had not exhausted his administrative remedies at the time he
6  filed his original complaint in this action. Plaintiff claims that he was not aware of the jail's
7  grievance system. He also states that he was unable to file a grievance because he was "scared for
8  [his] life," (opp'n at 3), which could be construed as an allegation that due to his aforementioned
9  fear, his access to the appeal process was obstructed. However, the Court finds Plaintiff's arguments
10 to be without merit. First, ignorance of the law is no excuse; therefore, a pro se plaintiff is presumed
11 to know the applicable law. As stated above, the law is clear -- a prisoner must complete the
12 administrative review process in accordance with the applicable procedural rules as a precondition
13 to bringing suit in federal court. See Woodford, 548 U.S. at 83-84; see also Johnson v. Meadows,
14 418 F.3d 1152, 1159 (11th Cir. 2005) (holding that, to exhaust remedies, a prisoner must file appeals
15 in the place, and at the time, the prison's administrative rules require).

16       Second, Plaintiff's allegations regarding his allegedly obstructed access to the grievance
17 system are conclusory. Even if he was denied access to the administrative grievance system during
18 the unspecified time that he was "scared for [his] life," this does not excuse him from attempting to
19 exhaust his administrative remedies thereafter. Specifically, he has not shown that no further
20 administrative remedies were available to him. For example, he was not unambiguously told that no
21 further appeal could be taken. See, e.g., Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000)
22 (prisoner placed on grievance restriction who was also told by guards that they would not deliver his
23 grievance to the prison grievance office has no "available" administrative remedies); Freeman v.
24 Snyder, No. Civ. A. 98-636-GMS, 2001 WL 515258, at *6 (D. Del. April 10, 2001) (despite written
25 grievance policy that appeared to apply to the prisoner's claims, statements by correctional officers
26 that issue was not grievable established that no administrative remedies were available). In fact,
27 Plaintiff never states that he made any attempt to exhaust his administrative remedies, either at the
28 SFCJ or after he was transferred to San Quentin State Prison (SQSP) or the Sierra Conservation

6

Center.[4]

While Plaintiff claims he filed a citizen's complaint on some unspecified date, such a filing is insufficient to exhaust his administrative remedies because Plaintiff was required to comply with the appeals process described in the San Francisco Sheriff's Department's Policy and Procedures. See Woodford, 548 U.S. at 90-91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules."). Furthermore, Plaintiff's allegation of filing a citizen's complaint is made without any proof or support, and he does not indicate that he received notice of the disposition of his citizen's complaint. Therefore, Plaintiff's filing of a citizen's complaint does not satisfy the exhaustion requirement because he did not comply with the jail grievance procedures as required by the PLRA. See id.

The claims Plaintiff has raised are serious in nature, especially those pertaining to Defendants' use of excessive force. In such circumstances, it is particularly appropriate that jail officials be granted the first opportunity to develop a factual record and respond to the allegations. Accordingly, because it is clear from the motion to dismiss and Plaintiff's opposition thereto that Plaintiff did not exhaust his administrative remedies and no exception to exhaustion applies, the action must be dismissed without prejudice and without leave to amend.[5]

Accordingly, the Court GRANTS Defendants' motion to dismiss. Therefore, the claims against Defendants Reymundo and Camarra are DISMISSED without prejudice to refiling them in a new action once they are exhausted. See McKinney, 311 F.3d at 1199-1201.

## II. Claims Against Remaining Defendants

As mentioned above, Plaintiff's supervisory and municipal liability claims against Defendant Gorwood, the SFCJ and the County of San Francisco were dismissed with leave to amend in the

---

[4] The record shows that Plaintiff was incarcerated at SQSP when he filed his complaints in both the instant action and in Case No. C 09-5315 LHK (PR). According to the Court's electronic database in Case No. C 09-5315 LHK (PR), Plaintiff was later transferred to the Sierra Conservation Center. Presently, the electronic database in the instant action shows that Plaintiff is being housed at the SFCJ.

[5] The Court notes that because Judge Koh previously dismissed Plaintiff's identical action upon determining that Plaintiff had not shown that he exhausted his administrative remedies, (Sept. 3, 2010 Order of Dismissal in Case No. C 09-5315 LHK (PR)), the exhaustion issue in the instant action could have been considered moot. Notwithstanding, the Court found it necessary to address the merits of the motion to dismiss filed in the instant action.

7

Court's April 29, 2010 Order of Service. To date, Plaintiff has not filed an amendment to the complaint in response to the Court's April 29, 2010 Order of Service. However, the record shows that Plaintiff never received a copy of that Order because it was returned as undeliverable on May 5, 2009. Nevertheless, no amendment to the complaint is necessary at this time. Because Plaintiff did not exhaust his administrative remedies and no exception to exhaustion applies, the Court vacates the portion of its April 29, 2010 Order of Service dismissing the aforementioned claims with leave to amend. Instead, the Court dismisses those claims without prejudice to also refiling them in a new action once he has exhausted his administrative remedies.

## CONCLUSION

For the foregoing reasons, Defendants Reymundo's and Camarra's motion to dismiss (docket no. 30) is GRANTED. The Court vacates the portion of its April 29, 2010 Order of Service dismissing with leave to amend Plaintiff's supervisory and municipal liability claims against Defendant Gorwood, the SFCJ and the County of San Francisco. Accordingly, all of Plaintiff's claims are DISMISSED without prejudice to refiling in a new action. See McKinney, 311 F.3d at 1199-1201.

The Court has rendered its final decision on this matter; therefore, this Order TERMINATES Plaintiff's case.

The Clerk shall terminate all pending motions and close the file. The Clerk shall also send Plaintiff a blank civil rights complaint form and a blank in forma pauperis application along with his copy of this Order.

This Order terminates Docket no. 30.

IT IS SO ORDERED.

DATED: March 30, 2012

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

8

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BILLY RAY O'NEAL,

        Plaintiff,

v.

COUNTY OF SAN FRANCISCO et al,

        Defendant.
                                        /

Case Number: CV08-04669 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 6, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Billy Ray O'Neal 288973
San Francisco County Jail
850 Bryant Street
San Francisco, CA 94103

Dated: April 6, 2012

Richard W. Wieking, Clerk
By: Lisa Clark, Deputy Clerk

G:\PRO-SE\SBA\CR.08\ONeal4669.grantMTD.wpd         9