IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAY O'NEAL,<br><br>   Plaintiff,<br> v.<br><br>COUNTY OF SAN FRANCISCO, et al.,<br><br>   Defendants. | No. C 08-4669 SBA (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION; AND CERTIFICATION THAT APPEAL IS FRIVOLOUS**<br><br>(Docket no. 42) |

  This is a civil rights case brought pro se by Plaintiff, who alleged excessive force claims against Defendants San Francisco County Jail (SFCJ) Deputies R. Reymundo and Camarra stemming from an April 21, 2007 incident.

  In an Order dated March 30, 2012, the Court granted Defendants Reymundos and Camarra's motion to dismiss Plaintiff's claims for failure to exhaust administrative remedies. As that Order clearly indicated, Plaintiff's claims were dismissed without prejudice to refiling in a new action upon exhaustion of his claims. The Court also directed the Clerk of the Court to send Plaintiff a blank civil rights complaint form and a blank in forma pauperis (IFP) application.

  On April 13, 2012, Plaintiff filed a Notice of Appeal as well as a motion for reconsideration of the Court's March 30, 2012 Order.

  Thereafter, the Ninth Circuit Court of Appeals issued a Referral Notice and directed the Court to inform the Ninth Circuit if Plaintiff's appeal is frivolous or not taken in good faith.

  The motion for reconsideration was filed before the notice of appeal, and is timely. See Fed. R. Civ. P. 59(e). The notice of appeal thus does not become effective until the motion for reconsideration is ruled upon. See Fed. R. App. P. 4(B)(i).

  Motions to reconsider a decision of the Court are appropriately brought under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1422 (9th Cir. 1991).

  Pursuant to Rule 59(e), reconsideration may be appropriate where the movant demonstrates

that there is (1) an intervening change in the controlling law, (2) new evidence not previously available, or (3) a need to correct a clear error of law or to prevent manifest injustice. McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999). To whatever extent Plaintiff's motion can be construed as a motion for leave to file a motion for reconsideration under Rule 59, it is DENIED as more than ten days had passed from the date final judgment was entered to the date he filed the motion. See Fed. R. Civ. P. 59(b).

Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect, (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision, (3) fraud by the adverse party, (4) a void judgment, (5) a satisfied or discharged judgment, or (6) any other reason justifying relief. See Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

In his motion for reconsideration, Plaintiff asks the Court to reconsider its March 30, 2012 Order dismissing his excessive force claims as unexhausted. Plaintiff states that he does not "see the rationality of filing a grievance against the Sherrif [sic] Department while [he was] accused of assault and battery [and] resisting arrest . . . [and] [t]he judge dismissed the criminal case after [re]viewing it." (Mot. for Recons. at 2.) Instead, Plaintiff repeats his argument that he exhausted his administrative remedies by filing a "Citizens Complaint." (Id.) However, the Court has previously determined that such a filing is insufficient to satisfy the exhaustion requirement, stating:

> While Plaintiff claims he filed a citizen's complaint on some unspecified date, such a filing is insufficient to exhaust his administrative remedies because Plaintiff was required to comply with the appeals process described in the San Francisco Sheriff's Department's Policy and Procedures. See Woodford, 548 U.S. at 90-91[1] ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules."). Furthermore, Plaintiff's allegation of filing a citizen's complaint is made without any proof or support, and he does not indicate that he received notice of the disposition of his citizen's complaint. Therefore,

---

[1] Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).

2

> Plaintiff's filing of a citizen's complaint does not satisfy the exhaustion requirement because he did not comply with the jail grievance procedures as required by the PLRA. See id.

(Mar. 30, 2012 Order at 7 (footnote added).)

Plaintiff concedes that he did not file a grievance at SFCJ relating to the claims in this action; however, he explains that he "went to state prison for two months and had no access to any grievances . . . [b]ut started working on the civil suit." (Mot. for Recons. at 2.) The alleged incident of excessive force occurred on April 21, 2007. Plaintiff claims he was "charged with assault and battery on a peace officer and stayed in solitary confinement for 5 months for the conspired false criminal charges that held [him]." (Id.) The Court presumes that Plaintiff was being held in SFCJ for those five months; therefore, Plaintiff had at least five months at SFCJ to file a grievance. By failing to raise his grievance at SFCJ and waiting until he was transferred to another prison to file his suit, Plaintiff deprived SFCJ officials the time and "an opportunity to address complaints internally before allowing the initiation of a federal case," which is the purpose of the PLRA exhaustion requirement. Porter v. Nussle, 534 U.S. 516, 525 (2002). Thus, the Court finds that Plaintiff's action was properly dismissed without prejudice for failure to exhaust because he "conce[ded] to nonexhaustion" and "no exception to exhaustion applie[d]." Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Moreover, Plaintiff claims that he has since filed a "grievance" using the "San Francisco County Jail facility prison Grieva[nce] Form" relating to the excessive force claims alleged in this action. (Mot. for Recons. at 8.) Plaintiff has not indicated when this grievance was filed, or whether he has received a response. <u>As mentioned above, this action was dismissed without prejudice; therefore, the dismissal does not bar a new action raising the same claims once Plaintiff has exhausted his administrative remedies</u>.

Furthermore, the Court notes that Plaintiff does not make a showing of mistake, inadvertence, surprise or excusable neglect. He does not set forth any newly-discovered evidence, fraud, or any grounds for finding that the judgment is void or has been satisfied. Plaintiff merely argues that he feels prejudiced by the Court's dismissal of his claims. (Mot. for Recons. at 9.) He adds that he believes that the dismissal is "a childish attempt to keep [his] civil rights violated." (Id.

3

at 1.)  The Court construes such an argument as Plaintiff's mere dissatisfaction with the Court's March 30, 2012 Order, which is not an adequate ground for relief.  See Twentieth Century - Fox Film Corp., 637 F.2d at 1341.  Accordingly, the Court finds that Plaintiff's motion for reconsideration is without merit; therefore, it is DENIED.

With the denial of the motion for reconsideration the notice of appeal becomes effective.  See Fed. R. App. P. 4(B)(i).  Rule 24(a)(3) of the Federal Rules of Appellate Procedure provides that a party granted leave to proceed IFP in district court, as Plaintiff was here, may continue in that status on appeal unless the district court certifies that the appeal is not taken in good faith, which in this context means that it is frivolous.  See Ellis v. United States, 356 U.S. 674, 674-75 (1958).  28 U.S.C. § 1915(a)(3) similarly provides that an appeal may not be taken IFP if the trial court certifies it is not taken in good faith.  If the district court finds that the appeal is frivolous and not taken in good faith and revokes IFP status, the Ninth Circuit will conduct an independent review of the record to determine whether the appeal is frivolous.  The Ninth Circuit will decide whether to grant the prisoner IFP status.  If IFP status is denied by the Ninth Circuit, the prisoner will nonetheless be directed to pay the entire filing fee and to show cause why the appeal should not be dismissed as frivolous.  See 28 U.S.C. § 1915(e)(2).  Here, because the Court's March 30, 2012 Order properly dismissed Plaintiff's claims as unexhausted and his motion for reconsideration is without merit, the appeal will be certified as frivolous and, therefore, not taken in good faith.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration (docket no. 42) is DENIED for the reasons discussed above.

The appeal is CERTIFIED as not taken in good faith.  The Clerk shall forthwith notify Plaintiff and the Ninth Circuit of this Order.  See Fed. R. App. P. 24(a)(4).  Plaintiff may file a motion for leave to proceed IFP on appeal in the Ninth Circuit within **twenty-eight (28) days** after service of notice of this action.  See Fed. R. App. P. 24(a)(5).  Any such motion "must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action."  Id.

1   Because Plaintiff claims that he did not receive a blank civil rights complaint form and a
2   blank IFP application pursuant to the Court's March 30, 2012 Order, the Clerk shall send copies of
3   the aforementioned forms along with his copy of this Order.
4   This Order terminates Docket no. 42.
5   IT IS SO ORDERED.
6   DATED: __7/9/12                                              _____
7                                                                SAUNDRA BROWN ARMSTRONG
                                                                 United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BILLY RAY O'NEAL,

        Plaintiff,

  v.

COUNTY OF SAN FRANCISCO et al,

        Defendant.

Case Number: CV08-04669 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 10, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Billy Ray O'Neal 288973
San Francisco County Jail
850 Bryant Street
San Francisco, CA 94103

Dated: July 10, 2012

                            Richard W. Wieking, Clerk
                            By: Lisa Clark, Deputy Clerk